# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50077 | **DATE** | 3/19/2002 |
| **CASE TITLE** | Kathryn Rhodes vs. Life Insurance Company of North America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for summary judgment; defendant's motion for judgment on the administrative record.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for summary judgment [19] is granted and defendant's motion for judgment on the administrative record [20] is denied. The court also finds plaintiff is entitled to attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1). The parties are ordered to enter into, if possible, a stipulation as to the amount of damages; otherwise, counsel for both parties are ordered to appear for a status conference at 9:00 a.m. on Wednesday, March 27, 2002. The parties are similarly ordered to agree, if possible, to the amount of plaintiff's attorney's fees; otherwise, the parties shall proceed under Local Rule 54.3.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Kathryn A. Rhodes, filed a one-count complaint against defendants, Barber Coleman Company-Ranco Management Corporation, Director of Insurance ("Barber Coleman"), and Life Insurance Company of North America-CIGNA ("LINA"), seeking payment of long term disability benefits under an ERISA plan. Rhodes has moved for summary judgment and LINA has moved for judgment on the administrative record. Jurisdiction and venue are proper pursuant to 29 U.S.C. §§ 1132(e)(1), (e)(2), (f), and 28 U.S.C. §§ 1331, 1391.

De novo review of a plan administrator's decision to deny benefits is the default rule unless the ERISA plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the plan's terms. Postma v. Paul Revere Life Ins. Co., 223 F.3d 533, 538 (7th Cir. 2000). Where the plan confers discretionary authority on the plan administrator, the arbitrary and capricious standard applies. See id. Uncertain language concerning the scope of judicial review is construed as favoring plenary review. Herzberger v. Standard Ins. Co., 205 F.3d 327, 330 (7th Cir. 2000). The mere fact that a plan requires a determination of eligibility or entitlement by a plan administrator, or requires proof or satisfactory proof of loss, or both, is not a conferral of discretionary authority on the plan administrator. See id. at 332; Postma, 223 F.3d at 539-40.

LINA contends the arbitrary and capricious standard applies to its decision to deny benefits to Rhodes, pointing to the following language in the plan:

> The Insurance Company will begin paying Monthly Benefits in amounts determined from the Schedule when it receives due proof that: (1) the Employee became Disabled while insured for this Long Term Disability Insurance; and (2) his Disability has continued for a period longer than the Benefit Waiting Period shown . . . . INSURANCE DATA. The Policyholder will give the Insurance Company all of the data that it needs to calculate the premium and all other data that it may reasonably require. . . . The Insurance Company has the right to examine the Policyholder's records relative to these benefits at any reasonable time while the policy is in effect. It also has this right until all rights and obligations under the policy are finally determined. (Def. Proposed Findings of Fact ¶¶ 30, 31).

In the court's opinion, these paragraphs do no more than require a determination of eligibility or entitlement by the plan administrator and satisfactory proof of loss. They are therefore insufficient to confer discretionary authority on the plan administrator, so the default rule of de novo judicial review is applicable. See Carter v. General Elec. Co., No. 98 CV 50239, 2001 WL 170464, at *4 (N.D. Ill. Feb. 20, 2001) (Reinhard, J.).

LINA first argues Rhodes failed to satisfy the plan's mandatory 180-day waiting period because the social worker who was providing Rhodes with psychotherapy released her for work as of May 1, 1997. This argument is based on a March 25, 1997, letter from Janet Beger, MSW, LCSW, containing the recommendation that Rhodes "return to work part-time until she feels capable of full-time employment and perhaps a starting date may be May 1, 1997." This letter, however, was written more than one month prior to May 1, 1997. Moreover, there is apparently no subsequent indication of Ms. Beger or any of Rhodes' physicians that she could have returned to work on May 1, 1997. To the contrary, treatment notes dated May 1, 1997 by Dr. Mitchell, another of Rhodes' physicians, indicate both he and Ms. Beger agreed Rhodes should continue to remain off work. Under these circumstances, the court finds Rhodes was not released to return to work and thus satisfied the waiting period.

There remains the question of whether Rhodes was entitled to long term disability benefits. "Benefits under the Barber-Colman plan and LINA long term disability policy are payable for 'disability,' which occurs when an employee . . . is unable to perform 'all the material duties of his regular occupation,' and after monthly benefits have been payable for 36 months, and he or she is 'unable to perform all the material duties of any occupation for which he is or may reasonably become qualified based on his education, training or experience.'" (DPFF ¶5.) None of the physicians, including the psychiatrists, who examined or treated Rhodes ever said she could return to her job as a Senior Credit Representative for Barber Colman. Moreover, the social worker who was providing Rhodes with psychotherapy did not say she was capable of returning to her job; the most the social worker ever did was set a target date for getting Rhodes back to work, which was approximately five weeks after the date of the letter in which it was made. Some of the assessments made by the doctors indicated Rhodes had some functional capacity which might seem to indicate that she could work. However, the reports in the Administrative Record from the physicians and the social worker are consistent in indicating that Rhodes' depression was especially associated with her job—that its severity increased when she considered returning to work at her job—and none of the reports in the Administrative Record indicate that Rhodes' functional capacity, if actually at her job, would have been sufficient for her to perform the duties of her job. Under these circumstances, and given the court's finding above that the plan did not give LINA discretionary authority to interpret the plan, the court concludes Rhodes was disabled under the meaning of the plan and is, therefore, entitled to receive benefits under the ERISA plan.

Rhodes has also requested attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1). There is a modest presumption in favor of awarding attorney's fees to the prevailing party in an ERISA case, the question for the court being whether the losing party's position was substantially justified and taken in good faith. Hess v. Hartford Life & Accident Ins. Co., 274 F.3d 456, 464 (7th Cir. 2001). LINA's positions with respect to the standard of review and whether Rhodes was released to return to work on May 1, 1997, were not substantially justified. Although the question of whether Rhodes was disabled was a closer one, the medical evidence was such that LINA's position on that issue arguably was also not substantially justified. If LINA chooses to contest the court's tentative finding that Rhodes is entitled to attorney's fees, its counsel should appear before the court at 9:00 a.m. on Wednesday, March 27, 2002.